UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| PRR 200, LLC | : | Case No. 23-13025 (PMM) |
| Debtor | : | |

# THIRD AMENDED PLAN OF REORGANIZATION

**Proposed by PRR 200, LLC**

Date: June 13, 2024

SMITH KANE HOLMAN, LLC
Nicholas M. Engel, Esquire
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
nengel@skhlaw.com
*Counsel to Debtor-In-Possession*

PRR 200, LLC (the "Debtor") proposes the following Third Amended Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

# ARTICLE I

## Definitions

For purposes of this Plan, each of the terms shall have the meaning given to it herein (such meanings to be equally applicable to the singular and plural forms of the terms defined except as the context otherwise requires):

"Administrative Claim": a claim under Sections 503(b)(1), (2), (6) or (9) of the Code that is entitled to priority under Section 507(a)(2) of the Code.

"Agreement of Sale": the agreement for sale of the Debtor's real property at 200 W. Lancaster Avenue, Reading, Pennsylvania, executed on May 23, 2024, for a sale price of $1,325,000.

"Allowed Claim": (a) a Claim that has been allowed by a Final Order; or (b) a Claim timely filed with the Office of the Clerk of the Court or scheduled by the Debtor in its Schedules as neither unliquidated, disputed, nor contingent, and as to which Claim (i) no objection with respect to the allowance thereof has been or shall be interposed within the period of the time fixed by the Code, the Bankruptcy Rules or orders of the Court, or (ii) as to which claim either an objection to the Claim or an application has been resolved by a Final Order to the extent such objection or application is determined in favor of the holder of such Claim. Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such Claim or any other charge relating to the Claim accruing from or after the Petition Date, except to the extent authorized in accordance with Section 506 of the Bankruptcy Code.

"Assets": all of the Debtor's right, title and interest in, to and under any and all property, real and personal, tangible and intangible, leases, rents payable and all amounts due under its leases, goods, chattel paper, documents, instruments, money, fixtures, furniture, accounts receivable, contract rights, causes of actions, Causes of Action, claims and rights of any kind, payments, wherever situated, together with the proceeds thereof.

"Bankruptcy Code":  used interchangeably with "Code" as defined herein.

"Bankruptcy Court": The United States Bankruptcy Court for the Eastern District of Pennsylvania.

"Bankruptcy Rules":  The Federal Rules of Bankruptcy Procedure promulgated by the Supreme Court of the United States, as amended from time to time, including the Local Rules adopted by the Bankruptcy Court.

2

"Bar Date": The last date fixed by the December 12, 2023 Order of the Bankruptcy Court for the filing of proofs of claim in the Debtor's bankruptcy case (*Dkt. No. 27*).

"Business Day": any day except a Saturday, Sunday, or other day on which commercial banks located in Pennsylvania, are authorized by law to close.

"Case": the bankruptcy case as above captioned.

"Cash": cash and cash equivalents.

"Causes of Action": all claims and causes of action now owned or hereafter acquired by the Debtor, whether arising under the Code or other federal or state law, including, without limitation, any causes of action arising under Sections 544, 547, 548, 550, 551, 553 or other sections of the Code.

"Claim": the right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, liquidated, legal, equitable, secured or unsecured, and as such term is defined in Section 101(5) of the Code, against the Debtor and/or, pursuant to Section 102(2) of the Code, any of the Debtor's property.

"Claimant": the holder of a Claim.

"Class": a group of Claims, consisting of Claims which are substantially similar to each other, as classified pursuant to this Plan and Sections 1122 and 1123 of the Code.

"Code": Title 11 of the United States Code, as amended from time to time, applicable to this case as of the Petition Date.

"Collateral": means any property or interest in property of the estate of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Bankruptcy Code or applicable state law.

"Confirmation Date": the date on which the Court enters on the Court's docket, the Confirmation Order confirming the Plan at or after a hearing convened pursuant to Section 1129 of the Code.

"Confirmation Hearing": the hearing conducted by the Bankruptcy Court to determine whether to confirm the Plan.

"Confirmation Order": the Order of the Court confirming the Plan pursuant to Section 1129 of the Code.

"Contested Claim": any Claim as to which the Debtor or any other party in interest has interposed a timely objection, in accordance with the Code and Bankruptcy Rules, which objection has not been determined by a Final Order.

"Creditor": the holder of a Claim against the Debtor.

"Cure Amount": Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, necessary in connection with the assumption of an executory contract or unexpired lease, pursuant to section 365(b) of the Code, in an amount equal to all unpaid monetary obligations, without interest, or such other amount as may be agreed upon by the parties to such executory contract or unexpired lease, to the extent such obligations are enforceable under the Code and applicable non-bankruptcy law.

"Deficiency Claim": with reference to a Creditor having an Allowed Secured Claim, that portion of the Creditor's Allowed Claim that is not an Allowed Secured Claim only because (a) the monetary benefit derived from the exercise of any available right of setoff and the application to the Claim of the net proceeds available from disposition of Assets securing the Creditor's Allowed Claim is insufficient to permit payment in full of the Allowed Claim, or (b) a Final Order entered in a proceeding to determine the extent of the Secured Claim provides that part of the Creditor's Allowed Claim is not an Allowed Secured Claim based on a valuation of the Creditor's interest in the Debtor's interest in the Assets securing the Claim.

"Disputed Claim Amount": means the amount set forth in the Proof of Claim relating to a Disputed Claim or, if an amount is estimated in respect of a Disputed Claim in accordance with Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, the amount so estimated pursuant to an order of the Bankruptcy Court.

"Disputed Claim": any Claim which is scheduled as disputed, contingent or unliquidated, or which is objected to in whole or in part in accordance with the Plan.

"Distribution": any payment by the Debtor to a Creditor on account of a Claim.

"Effective Date": the first Business Day which is at least fifteen (15) days after the Confirmation Date.

"Final Order": (a) a judgment, order or other decree issued and entered by the Bankruptcy Court, which judgment, order or other decree (i) has not been reversed or stayed and as to which the time to appeal has expired and as to which no appeal or petition for review, rehearing or certiorari is pending or (ii) with respect to which any appeal has been finally decided and no further appeal or petition for certiorari can be taken or granted; and (b) a stipulation or other agreement entered into which has the effect of any such judgment, order or other decree described in clause (a) above.

"Impaired Claimant": a Claimant holding a claim in an Impaired Class.

"Impaired Class": any Class of Claims or Interests which is "impaired" pursuant to Section 1124 of the Code.

"Insider": the term "insider" as defined in Section 101(31) of the Code.

4

"Interest": any rights of holders of issued and outstanding membership interests of the Debtor.

"Lien": with respect to any of Debtor's Assets, any mortgage, lien, pledge, charge, security interest, lease or other security device or encumbrance of any kind affecting such Assets.

"Person": as defined under Section 101(41) of the Bankruptcy Code.

"Petition": the Petition under Chapter 11 of the Code, filed by the Debtor with the Bankruptcy Court pursuant to which the Case was commenced.

"Petition Date": October 6, 2023, the date upon which the Debtor filed its Petition.

"Plan": this Plan of Reorganization, as it may be further amended, modified or supplemented from time to time, and any exhibits and schedules thereto.

"Priority Claim": all Priority Tax Claims and Other Priority Claims.

"Priority Tax Claim": a Claim or a portion of a Claim for which priority is asserted under Section 507(a)(8) of the Code.

"Proof of Claim": the document filed in this proceeding by a Claimant with the Clerk of the Bankruptcy Court in a form acceptable to the Clerk, stating its Claim, the amount, the type, the consideration and/or basis thereto and any attachments thereto.

"Property": the Debtor's real property located at 200 West Lancaster Avenue, Reading, Pennsylvania 19607.

"Pro Rata": with respect to any distribution to the holder of an Allowed Claim of a particular Class on a particular date, the same proportion that the amount of such Allowed Claim bears to the aggregate amount of all Claims of such Class, including Contested Claims.

"Rejection Claim": any Claim based upon the Debtor's rejection of any executory contract or unexpired lease pursuant to Sections 365 and/or 1123(b)(2) of the Code, either prior to or on the Confirmation Date to the extent of the amount of such Claim which is an Allowed Claim.

"Reorganized Debtor": the Debtor, as reorganized and existing on the Effective Date.

"Sale Procedure": defined in Section 2.6.

"Schedules": the schedules of assets and liabilities heretofore filed by or on behalf of the Debtor with the Office of the Clerk of the Court pursuant to the Bankruptcy Rule 1007, as amended from time to time.

5

"Secured Claim": a Claim that is secured by a valid, perfected, and enforceable and unavoidable Lien on any or all of a Debtor's Assets; any deficiency in the value of the interest of the holder of the Secured Claim in such property shall be treated as an Unsecured Claim.

"Taxing Authorities": a governmental unit, which possesses the authority to assess and/or collect any kind of tax against any Debtor.

"Unimpaired Claimant": a Claimant holding a claim in an Unimpaired Class.

"Unimpaired Class": any Class of Claims under the Plan which is not "impaired" within the meaning of Section 1124 of the Code.

"Unsecured Claim": a Claim, to the extent of the amount of such Claim which is an Allowed Claim, including a Rejection Claim, a Deficiency Claim or default of any Debtor under a contract entered into by the Debtor prior to the Petition Date, other than a Secured Claim, Administrative Claim, Priority Tax Claim, or Other Priority Claim.

"Waterfall": defined in Section 2.6.

Any term defined in the Code and not otherwise defined herein shall have the meaning specified in the Code unless the context otherwise clearly requires.

## ARTICLE II

## Treatment of Administrative Expenses, Priority Tax Claims, and Claims in Classes 1 - 2

2.1    Treatment of Administrative Claims.  Allowed Administrative Claims incurred and/or arising after the Petition Date entitled to priority in accordance with Section 507(a)(2) of the Code, shall be paid by the Debtor, except to the extent that any Claimant agrees to different treatment, (i) in Cash on the Effective Date, or (ii) in accordance with the commercial credit terms extended by the creditor of such obligations, or (iii) as required by law, or (iv) in the case of professionals employed at the expense of the estate upon the entry of a Final Order allowing such Claim or as otherwise permitted under the Plan or under the Bankruptcy Rules.

2.2    Treatment of Priority Tax Claims.  The Debtor is unaware of any Priority Tax Claims owing as of the Petition Date.  Should any Priority Tax Claims be filed prior to the April 3, 2024 deadline for governmental units to file such claims, the Allowed Priority Tax Claims, if any, of the Taxing Authorities shall be paid according to the Waterfall in section 2.5 below.

2.3    Voting.  As provided in section 1123(a)(1) of the Code, Administrative Claims and Priority Tax Claims shall not be classified for purposes of voting or receiving distributions under the Plan.  Rather, all such Claims shall be treated separately as unclassified Claims pursuant to the terms set forth in this Section.

   2.4  <u>Professional Compensation and Reimbursement Claims</u>.  All parties seeking an award by the Bankruptcy Court of compensation for services rendered and/or reimbursement of expenses incurred through and including the Effective Date under Sections 330 or 331 of the Code shall (a) file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by no later than the date which is 30 days after the Effective Date, or such other date as may be fixed by the Bankruptcy Court and (b) if granted such an award by the Bankruptcy Court, be paid in full in Cash in such amounts as are Allowed by the Bankruptcy Court, on the later of the Effective Date and the date upon which such Administrative Claim becomes an Allowed Administrative Claim, or upon such other terms as may be mutually agreed upon between such holder of an Administrative Claim and the Debtor.

   2.5  <u>Sale of the Property</u>.  The Debtor will pursue sale of the Property through the Agreement of Sale for a sale price of $1,325,000.  In the event that the Property is not sold pursuant to the Agreement of Sale, the Debtor shall actively market and pursue the sale of the Property.  The Debtor shall have the right, but not the obligation, to do so through a licensed realtor for six months following the Effective Date.  If the Property is not sold within six months of the Effective Date, the Debtor shall engage a licensed realtor to market and sell the property for an additional six months (together with the initial six-month period, the "Marketing Period").  Any realtor engaged by the Debtor prior to the entry of the Confirmation Order shall be implemented pursuant to an application filed with and approved by this Court.  Any post-confirmation engagement of a realtor may be done without the approval of this Court.

   2.6  <u>Treatment of Creditors upon Sale of the Property</u>.  Distributions to Creditors holding Allowed Claims will be effectuated from the proceeds realized from a sale of the Property (the "Sale Procedure").  All proceeds from a sale of the Property, after payment of all normal and customary closing costs borne by the seller of commercial real estate (including, legal fees and costs incurred by the Reorganized Debtor (which shall be allowable and paid as a priority pursuant to Section 506(c) of the Code), realtor's commission, if any, and title company charges to the seller), shall be used by the Debtor to pay Allowed Claims in the following order of priority (the "Waterfall"): (1) first, to all claims that lien or encumber the Property, whether by statute, tax, municipal or judgment lien filing or mortgage, in their relative order of priority, including, without limitation, (a) any outstanding water and sewer obligations assessed against the Property; (b) any outstanding real estate taxes assessed against the Property; (c) Class 1 - Allowed Secured Claim of Tax Claim Bureau of Berks County, including accrued postpetition interest allowable under Section 506(b) of the Code; (d) Class 2 - Allowed Secured Municipal Services Claim of the Borough of Shillington, including accrued postpetition interest allowable under Section 506(b) of the Code; and (e) Class 3 - Allowed Secured Claim of Stellar Homes, LLC; (2) second, all allowed and unpaid Administrative Claims; (3) third, to the extent not paid above, the Reorganized Debtor's post-confirmation legal fees and expenses; (4) fourth, any allowed and unpaid Priority Tax Claims; (5) fifth, to the Reorganized Debtor in trust for the benefit of, and to be distributed pro rata to, Class 4 - Allowed General Unsecured Claims (the "Unsecured Fund"), and (6) sixth, the balance, if any, to the holder of Interests in the Debtor.

7

# ARTICLE III

## Classification of Claims and Interests

For purposes of this Plan, Claims and Interests are divided into the Classes set forth in this Article. This classification of Claims and Interests is made for purposes of voting on the Plan and making distributions hereunder and for ease of administration hereof. A Claim or Interest shall be deemed classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of the Claim or Interest qualifies within the description of such different Class. A Claim or Interest is in a particular Class only to the extent that it has not been paid, released or otherwise satisfied prior to the Effective Date.

| Class | | Status |
|---|---|---|
| Class 1 – | Secured Claim of Tax Claim Bureau of Berks County | Impaired |
| Class 2 – | Secured Municipal Services Claim of Borough of Shillington | Impaired |
| Class 3 – | Secured Claim of Stellar Homes, LLC | Impaired |
| Class 4 – | General Unsecured Claims | Impaired |
| Class 5 – | Interests | Impaired |

Any Class of Claims that is not occupied as of the date of commencement of the Confirmation Hearing by an Allowed Claim or a Claim temporarily Allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for the purposes of determining acceptance or rejection of the Plan by such Class pursuant to Section 1129(a)(8) of the Bankruptcy Code.

# ARTICLE IV

## Treatment of Classes of Claims and Interests

4.1    **Class 1 – (Secured Claim of Tax Claim Bureau of Berks County)**.

a.    **Impairment and Voting.** Class 1 consists of the Secured Claim of the Tax Claim Bureau of Berks County by virtue of unpaid 2023 county, township, and school taxes. Class 1 is *impaired* and, thus, is entitled to vote to accept or reject the Plan.

8

        b.        **Treatment**.  Proceeds from the sale of the Debtor's Property shall be paid to the Tax Claim Bureau of Berks County at closing to reduce and satisfy the first-priority property tax lien in accord with the Waterfall.  To the extent of its Allowed Secured Claim, the Tax Claim Bureau of Berks County shall retain its lien on the Property to the same extent, priority, and validity as it held as of the Petition Date until said Allowed Secured Claim is paid in full.

    4.1    **Class 2 – (Secured Municipal Claim of Borough of Shillington)**.

        a.        **Impairment and Voting.**  Class 2 consists of the Secured Claim of the Borough of Shillington by virtue of its Municipal Lien against the Property.  Class 2 is *impaired* and, thus, is entitled to vote to accept or reject the Plan.

        b.        **Treatment**.  Proceeds from the sale of the Debtor's Property shall be paid to the Borough of Shillington at closing to reduce and satisfy the second-priority Municipal Lien in accord with the Waterfall.  To the extent of its Allowed Secured Claim, the Borough of Shillington shall retain its lien on the Property to the same extent, priority, and validity as it held as of the Petition Date until said Allowed Secured Claim is paid in full.

    4.2    **Class 3 – (Secured Claim of Stellar Homes, LLC)**.

        a.        **Impairment and Voting.**  Class 3 consists of the Secured Claim of Stellar Homes, LLC ("Stellar Homes") by virtue of its mortgage lien on the Property.  Class 3 is *impaired* and, thus, is entitled to vote to accept or reject the Plan.

        b.        **Treatment**.  Since the Debtor disputes the extent to which the claim is allowed, the Debtor anticipates objecting to the claim so that the proceeds from the sale of the Debtor's Property shall be paid, in accord with the Waterfall, to Stellar Homes at closing to reduce and/or satisfy its Allowed Secured Claim.  If the proceeds from the sale of the Property are insufficient to pay the full amount of the Secured Claim of Stellar Homes, Stellar Homes shall have the right, but not the obligation, to agree to accept an amount less than the full amount of its Allowed Secured Claim.  To the extent of its Allowed Secured Claim, Stellar Homes shall retain its lien on the Property to the same extent, priority, and validity as it held as of the Petition Date until either: (i) said Allowed Secured Claim is paid in full, or (ii) the Property is sold, at which point Stellar Homes' lien in the Property will be divested as to the Property and continue only in proceeds to which it is entitled under the Waterfall.

    4.3    **Class 4 – (General Unsecured Claims)**.

        a.        **Impairment and Voting.**  Class 4 consists of Allowed General Unsecured Claims.  Class 4 is *impaired* and, thus, entitled to vote to accept or reject the Plan.

        b.        **Treatment**.  In accordance with the Waterfall set forth in the Sale Procedure, available proceeds from the Unsecured Fund shall be distributed by the Debtor within 30 days of the sale of the Property, pro rata, to each Creditor holding an Unsecured Claim.

    4.4    **Class 5 – (Interest Holders)**.

    a.    **Impairment and Voting**. Class 5 consists of all Interests in the Debtor. Class 5 is *impaired* and, thus, is entitled to vote to accept or reject the Plan.

    b.    **Treatment**. On the Effective Date, all Interests in the Debtor shall transfer and become Interests in the Reorganized Debtor for the purpose of fulfilling the obligations of the Reorganized Debtor under the Plan; however, the holders of Interests shall not receive any distributions on account of such Interests, unless and until all Creditors are paid in full in accordance with the Plan.

## ARTICLE V

## Execution and Implementation of the Plan

    5.1    Means of Execution/Funding. The funds necessary for the implementation of the Plan shall be from the following sources:

    a.    Post-Confirmation Sale of Property. The Reorganized Debtor shall pursue sale of the Property under to the Agreement of Sale. If sale does not occur under the Agreement of Sale, the Debtor shall actively market and pursue the sale of the Property in accordance with Section 2.5. All proceeds from the sale of the Property shall be paid in accordance with the Waterfall set forth in Section 2.6.

    b.    Causes of Action. The Debtor is not aware of any Causes of Action, including any avoidance actions under Chapter 5 of the Bankruptcy Code. Accordingly, neither the Debtor, nor the Reorganized Debtor, intends to pursue or prosecute any Causes of Action.

    5.2    Debtor's Assets. On and after the Effective Date, (a) all assets of the Debtor's estate shall vest in the Reorganized Debtor free and clear of any and all liens, mortgages, pledges, security interests, restrictions, prior assignments, liabilities, obligations, encumbrances, charges and claims of every kind whatsoever, subject only to the Liens existing as of the Petition Date and those created under this Plan; and (b) the Reorganized Debtor may use and dispose of its assets as set forth in the Plan, free of any restrictions contained in the Code, except to the extent prohibited hereunder or in any document to which any Debtor is a party.

    5.3    Additional Documents. The Reorganized Debtor may execute such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

      5.4      <u>Distributions</u>.

           a.      <u>Delivery of Distributions</u>. Distributions to holders of Allowed Claims will be made as follows: (i) at the address set forth on the respective Proofs of Claim filed by holders of such Claims, (ii) at the address set forth in any written notice of address change delivered to the Debtor after the date of filing of any Proof of Claim or (iii) at the address reflected in the Debtor's Schedules, if no Proof of Claim has been filed and the Debtor has not received a written notice of change of address. Distributions must be cashed within three (3) months of the date of distribution.

           b.      <u>Undeliverable and Unclaimed Distributions</u>. Any unclaimed Distribution shall be held by the Reorganized Debtor for a period of ninety (90) days following the earlier to occur of (i) the date on which the envelope with the Distribution check is returned by the post office to the Reorganized Debtor; or (ii) the Distribution check is not negotiated within three (3) months after the Distribution date. Upon presentation of proper and satisfactory proof by a Person that it is the Claimant entitled to receive the unclaimed Distribution, the unclaimed Distribution will be delivered to such Claimant. If any Allowed Claimant's Distribution is returned to the Reorganized Debtor as undeliverable, the Reorganized Debtor will take reasonable steps to attempt to deliver the Distribution to the holder of the Allowed Claim. Any Distributions which are undeliverable and unclaimed or have not been cashed within the time periods set forth above shall be deemed discharged as to such Claimant, and the amounts deemed undeliverable or unclaimed shall be aggregated and redistributed by the Reorganized Debtor to the holders of Allowed Claims or Interests in accordance with the Plan.

           c.      <u>Subsequently Allowed Claims</u>. If subsequent to any Distribution date, a Claim becomes an Allowed Claim, the Reorganized Debtor shall at the time of any subsequent Distribution dates in accordance with the Plan first pay to the holder of such Allowed Claim an amount equal to the Cash distribution which would have previously been made to such holder if the Claim had been an Allowed Claim as of the date of such prior Distribution. The remaining balance of such Distribution shall be paid Pro Rata, including to the holder of any recently Allowed Claim.

      5.5      <u>Claim Objections/Post-Effective Date Claims</u>. Within 45 days after the Effective Date or with respect to any proof of claim arising from the rejection of an unexpired lease or executory contract, within 45 days of the filing of such proof of claim, objections to Claims may be filed with the Bankruptcy Court by the Reorganized Debtor, who is the only party permitted to object to Claims. Any such objection shall be served upon the Claimant holding the Claim to which objection is made. Any objection not timely filed shall be deemed waived. From and after the Effective Date, the Reorganized Debtor shall, without the necessity of any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred by the Reorganized Debtor, including without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

      5.6      <u>Exemption from Transfer Taxes</u>. Pursuant to Section 1146(a) of the Bankruptcy Code, and to the extent permitted by applicable bankruptcy law, the issuance, transfer or exchange of notes or the issuance of debt under the Plan, the creation of any

mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, the sale and transfer of the Property by the Reorganized Debtor, shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.  Accordingly, the sale of the Property pursuant to the Plan shall be exempt from any transfer taxes.

## ARTICLE VI

## Executory Contracts and Unexpired Leases

6.1     Assumption/Rejection.  All executory contracts and unexpired leases shall be assumed pursuant to Sections 365 and 1123(b)(2) of the Code, and will be deemed as such as of the Confirmation Date unless a motion to reject same has been filed by the Reorganized Debtor prior to the Confirmation Date.

6.2     Bar Date for Filing Proofs of Claim Relating to Rejection of Executory Contracts and Unexpired Leases.  Claims arising out of the rejection of an executory contract or unexpired lease must be filed with the Bankruptcy Court and served upon the Debtor or, on and after the Effective Date, the Reorganized Debtor, by no later than 30 days after the later of (i) notice of the entry of an order approving the rejection of such executory contract or unexpired lease (including, if applicable, the Confirmation Order), and (ii) such other date as may be fixed by order of the Bankruptcy Court.  All such Claims not filed within such time will be forever barred from assertion against the Debtor and its estate and the Reorganized Debtor and its property.  Nothing herein shall be deemed to extend the deadline to file a proof of claim with respect to any executory contract or unexpired lease previously rejected by the Debtor.  Any Rejection Claim for damages arising by reason of the rejection of any executory contract or unexpired lease will constitute a Class 4 Claim.

## ARTICLE VII

## Acceptance or Rejection of Plan
## Effect of Rejection of Plan by One or More Classes

7.1     Impaired Classes to Vote.  Each Claimant who is a member of an Impaired Class under this Plan is entitled to vote, if either (i) the Claim has been scheduled by the Debtor, or (ii) the Claimant has filed a Proof of Claim on or before the Bar Date.

7.2     Acceptance of Class of Claimants.  Each Class of Claimants shall have voted to accept the Plan if the Plan is accepted by Claimants of such Class that hold at least two-thirds of the aggregate dollar amount and more than one-half in the number of the Allowed Claims of Claimants of such Class that vote to accept or reject the Plan.

12

7.3     **Confirmation Pursuant to Section 1129(b)**.  In the event that a sufficient number of holders of a particular Class of Claims do not accept the Plan, then the Debtor requests confirmation of the Plan pursuant to Section 1129(b) of the Bankruptcy Code.  In the event that the Bankruptcy Court declines to confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code, the Debtor reserves the right, without re-solicitation to the extent permitted by the Code, to propose any such modifications and to confirm the Plan as modified by the required modification.

## ARTICLE VIII

### Discharge/Stay/Forbearance

8.1     **No Discharge of Liabilities**.  Confirmation of the Plan with not discharge the Reorganized Debtor from any debt under Section 1141(d)(3) of the Bankruptcy Code.

8.2     **Automatic Stay**.  Pending the closing of the Case pursuant to Section 350(a) of the Code and/or the expiration of the Marketing Period, the stay imposed by Section 362 of the Code shall remain in effect.

8.3     **No Interference**.  Other than as provided herein, no party may commence any action precluding the implementation and consummation of this Plan, or perform any act, which would have the effect of interfering with the implementation and consummation of this Plan and the payments to be made hereunder.

8.4     **Exculpation**.  Neither the Debtor, the nor the Debtor's Interest Holder, agents, professionals or counsel, shall have, will have or incur any liability to any holder of a Claim for any act or omission in connection with, or arising out of the Chapter 11 case, the confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.  Notwithstanding the foregoing, the Debtor shall remain fully liable to carry out the terms and conditions of this Plan.

## ARTICLE IX

### Post-Confirmation Activities

9.1.    **Continuation of Operations**.  Following the Effective Date, the Debtor shall continue to own the Property pending any sale of such real property.

# ARTICLE X

## Modification of the Plan

    10.1.  <u>Pre-Confirmation Modification</u>.  At any time before the Confirmation Date, the Debtor may modify the Plan, but may not modify the Plan so that the Plan, as modified, fails to meet the requirements of Sections 1122 and 1123 of the Code.  In the event there is a modification of the Plan, then the Plan as modified, shall become the Plan.

    10.2  <u>Pre-Consummation Modification</u>.  At any time after the Confirmation Date of the Plan, but before substantial consummation of the Plan, the Plan may be modified, but it may not be modified so that the Plan, as modified, fails to meet the requirements or Sections 1122 and 1123 of the Code.  The Plan, as modified under this Section, becomes the Plan only if the Court, after notice and a hearing, confirms such Plan, as modified, under Section 1129 of the Code.

    10.3  <u>Non-Material Modification</u>.  After the Confirmation Date, the Reorganized Debtor may, with the approval of the Court, and so long as it does not materially or adversely effect the interest of Claimants, remedy any defect or omission, or reconcile any such inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry of the purposes, intent, and effect of this Plan.

# ARTICLE XI

## Retention of Jurisdiction

    11.1  The Bankruptcy Court shall retain jurisdiction of this Case after the Confirmation Date for the following purposes:

    a.  To take any action with respect to the subordination, allowance, disallowance, validity, perfection, enforcement or avoidance of Claims and Liens, including, determination of objections to the allowance of claims and amendments to schedules;

    b.  To classify the Claim of any Claimant and to re-examine Claims which have been allowed for purposes of voting, and to determine such objections as may be filed to Claim;

    c.  To determine any and all disputes arising under or the Plan;

    d.  To determine any and all applications for allowance of compensation and reimbursement of expenses herein;

    e.  To determine any applications for rejection of executory contracts and unexpired leases and to determine the amount of any Claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

    f. To determine any and all applications, adversary proceedings and contested and litigated matters pending in the Case as of the Confirmation Date or filed within 180 days thereafter;

    g. To hear, determine and enforce any Code-created Causes of Action and to authorize prosecution of same in such other courts as may be required by law;

    h. To modify any provision of the Plan to the full extent permitted by the Code;

    i. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent, and effect of the Plan;

    j. To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under provision of the Code or otherwise deemed appropriate to accomplish the Plan's intent and purpose;

    k. To grant extensions of any deadline set herein;

    l. To enforce all discharge provisions under the Plan;

    m. To enter any order, including injunctions, necessary to enforce the terms of the Plan, and the rights and power of the Debtor under the Code, this Plan and as the Court may deem necessary; and

    n. To enter a Final Order closing this Case.

## ARTICLE XII

### Miscellaneous

  12.1 <u>Choice of Law</u>.  Except to the extent superseded by the Code or other federal law, the rights, duties and obligations arising under the Plan shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to the choice of law rules thereof.

  12.2 <u>Payment of Such Statutory Fees</u>.  All fees payable pursuant to 28 U.S.C. §1930 shall be paid on or before the Effective Date and as otherwise required thereafter.

  12.3 <u>Headings</u>.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the terms in this Plan.

   12.4 <u>Successors and Assigns</u>.  The rights, duties, and obligations of any Person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of such Person.

   12.5 <u>Post-Effective Date Fees and Expenses</u>.  From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

   12.6 <u>Severability</u>.  In the event that the Bankruptcy Court determines that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidness, or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan and shall not require the re-solicitation of any acceptance or rejection of the Plan unless otherwise ordered by the Bankruptcy Court.

   12.8 <u>Revocation or Withdrawal of the Plan</u>.  The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date.  If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void.  In such event, nothing contained herein shall constitute or be deemed a waiver or release of any claims by or against the Debtor or to prejudice in any manner the rights of the Debtor in any further proceedings involving the Debtor.

   12.9 <u>Filing of Additional Documents</u>.  On or before substantial consummation of the Plan, the Debtor shall file with the Bankruptcy Court such agreements and other documents, if any, as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

          Respectfully Submitted,

Date:  June 13, 2024      By: <u>/s/ *Shloime Horowitz*</u>
               Sole Member of
               Debtor-In Possession

               SMITH KANE HOLMAN, LLC

Date:  June 13, 2024      By: <u>/s/ *Nicholas M. Engel*</u>
               Nicholas M. Engel, Esquire
               David B. Smith, Esquire
               112 Moores Road
               Suite 300
               Malvern, PA 19355
               (610) 407-7216 Phone
               (610) 407-7218 Fax
               *Attorneys for Debtor-in-Possession*