# SMITH KANE HOLMAN

A Limited Liability Company

| | | |
|---|---|---|
| NICHOLAS M. ENGEL<br><br>DIRECT DIAL: (610) 407-7216<br>E-MAIL: NENGEL@skhlaw.com | 112 MOORES ROAD<br>SUITE 300<br>MALVERN, PENNSYLVANIA 19355 | ONE LIBERTY PLACE; 36TH FLOOR<br>1650 MARKET STREET<br>PHILADELPHIA, PA 19103<br>TEL: (215) 496-1910<br>FAX: (215) 496-1915 |

TEL: (610) 407-7215
FAX: (610) 407-7218

WWW.SKHLAW.COM

January 20, 2025

***Via ECF Filing***
Honorable Patricia M. Mayer
U.S. Bankruptcy Court
Eastern District of Pennsylvania
The Gateway Building
201 Penn Street, 4th Floor
Reading, PA  19601

      **Re:**    **PRR 200, LLC – Case No. 23-13025 (PMM)**

Dear Judge Mayer:

      We are counsel to PRR 200, LLC (the "Debtor"), who is a debtor-in-possession in the above-referenced chapter 11 case.

      For the reasons set forth below, we respectfully request that Your Honor accept this letter in lieu of a more formal filing and grant a two-week continuance of the hearing scheduled for Tuesday, January 21, 2025 at 11:00am, on the third Motion for Stay Relief (the "Third Stay Relief Motion") filed by secured creditor Stellar Homes, LLC ("Stellar Homes").

      By way of brief, yet relevant, background, Stellar Homes filed its first stay relief motion on April 5, 2024.  After an evidentiary hearing on the grounds for relief asserted therein, the Court denied Stellar Homes' first stay relief motion by order dated May 28, 2024.  The Court subsequently confirmed a plan of reorganization over the objection of Stellar Homes on August 5, 2024, which plan provided the Debtor with a year to market and sell its real property.

      Stellar Homes filed a second stay relief motion on October 11, 2024, which asserted identical grounds for stay relief as those asserted in the first motion—each of which had already been denied by the Court.  Stellar Homes withdrew its second motion for stay relief on October 28, 2024 after Debtor's counsel objected to to the repetitive filing.

  Stellar Homes filed its Third Stay Relief Motion on December 6, 2024. Therein, Stellar Homes raises all grounds for relief previously asserted and rejected by the Court. On January 7, 2025, the Court held an initial hearing on the Third Stay Relief Motion, at which time the Court agreed that the only new ground for stay relief asserted was the Debtor's alleged failure to maintain property insurance. Stellar Homes' counsel stated that he had not been able to review the proof of insurance provided by Debtor's counsel to Stellar Homes' counsel the day prior to the hearing, and the Court directed the parties' counsel to confer regarding the insurance issue in advance of the continued hearing on January 21, 2025.

  Stellar Homes' counsel did not respond to Debtor's counsel's inquiry regarding the certificate of insurance provided, and instead, on Saturday, January 18, 2025, provided the Court and Debtor's counsel with a list of hearing exhibits—each of which pertains to asserted grounds for relief already rejected by the Court. It was only after inquiry of Debtor's counsel that day, that Stellar Homes' counsel expressed concern regarding the legitimacy of the insurance policy.

  Upon further correspondence with Stellar Homes' counsel today, Debtor's counsel first learned that Stellar Homes also takes issue with certain aspects of the policy coverage listed on the certificate of insurance. However, counsel for Stellar Homes has heretofore not requested the policy itself or any details regarding the policy—both of which Debtor's counsel would have been (and is) willing to obtain and provide. Counsel for Stellar Homes has similarly failed to request any modifications to the insurance policy to cure any perceived deficiencies.

  In light of the above, the Debtor requests that the Court grant a two-week continuance for the hearing scheduled for tomorrow. The Debtor has not had an opportunity to address Stellar Homes' alleged deficiencies with its insurance policy—because Stellar Homes' counsel has not communicated them to Debtor's counsel until just today. An in-person, evidentiary hearing would serve little purpose in light of the issues that Debtor's counsel believes will be before the Court, and the scheduled hearing will therefore not be an efficient use of the Court's and counsel's time.

  Of note, Debtor's counsel today called the insurance agency that issued the certificate of insurance and received verbal confirmation that the policy is in place and has not been rescinded. In addition, the principal of the Debtor resides in the state of New York and, due to hazardous travel conditions, may not be able to attend the hearing scheduled for tomorrow.

  If the Court is still inclined to hold a hearing, Debtor's counsel requests that counsel be permitted to attend via zoom. To the extent necessary, Debtor's counsel also requests that the Debtor's principal be permitted to attend the hearing and testify via zoom or telephone.

  Under the circumstances, we would appreciate Your Honor's consideration of this request for a hearing continuance pursuant to this letter submission in lieu of a more formal submission.

  Counsel for Stellar Homes, Michael Giles, is copied on this letter. Mr. Giles has indicated that he does not consent to the Debtor's request for a continuance of the hearing.

                                      Respectfully submitted,

                                      Nicholas M. Engel
                                      for SMITH KANE HOLMAN, LLC

NME/rh

cc: Michael Giles